**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DOUGLAS A. DUNCAN,     ) | |
|     ) | |
|      Plaintiff,     ) | |
|     ) | |
|     ) | |
|    v.     ) | C.A. No. _____ |
|     ) | |
| VANTAGE CORPORATION, VANTAGE     ) | **JURY TRAIL DEMANDED** |
| ADVISORY MANAGEMENT, LLC, VF(X) LP,     ) | |
| TRADELOGIX, LLC, BRIAN ASKEW, and     ) | |
| GERALD FINEGOLD.     ) | |
|     ) | |
|      Defendants.     ) | |

## COMPLAINT

COMES NOW Douglas A. Duncan and files this Complaint against Vantage Corporation, Vantage Advisory Management, LLC, VF(x) LP, Tradelogix, LLC, Brian Askew, and Gerald Finegold (collectively, the "Defendants").

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Douglas A. Duncan ("Plaintiff" or "Duncan") is a citizen of the State of Florida and maintains a residence in Georgia.

2.      Vantage Corporation is a Delaware corporation.  It maintains its principal office at 178 South Main Street, Suite 150, Alpharetta, Georgia.  It is not registered to do business in the State of Georgia.

3.      Vantage Advisory Management, LLC is a Delaware limited liability company. Upon information and belief, Vantage Advisory Management, LLC is a subsidiary of Vantage Corporation, formed as the investment advisor firm for Vantage Corporation's asset management division.

4.    VF(x) LP is a Delaware limited partnership.  Upon information and belief, VF(x) LP is a subsidiary of Vantage Corporation, formed ostensibly to operate as an unregistered hedge fund.  Vantage Advisory Management, LLC is the general partner of VF(x) LP.

5.    Tradelogix, LLC is a Delaware limited liability company.  Upon information and belief, Tradelogix, LLC is a subsidiary of Vantage Corporation.

6.    Brian Askew ("Askew") is a citizen of the State of Georgia.  Brian Askew is an officer of Vantage Corporation and also serves as a director on Vantage Corporation's Board of Directors.

7.    Gerald Finegold ("Finegold") is a citizen of the State of Georgia.  Upon information and belief, Gerald Finegold is the President of Vantage Corporation and serves as a director on Vantage Corporation's Board of Directors.

8.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 1367.

9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391.  The parties hereto have agreed to venue and jurisdiction before this Court.

## FACTUAL ALLEGATIONS

10.    Vantage Corporation purports to be a technology and investment company specializing in "proprietary configurable trading solutions."  Utilizing alleged trading algorithms and models, Vantage Corporation claims it can process substantial amounts of real time financial trading data in order to exploit trading opportunities to generate significant investment returns.

11.    On or about 2015 Vantage Corporation sought outside investor funding.  Askew, on behalf of Vantage Corporation, made general solicitations to obtain investor funding, including,

upon information and belief, soliciting and/or selling to unaccredited investors as defined under federal and state rules and regulations.

12.     Askew, acting on behalf of Vantage Corporation, solicited Plaintiff for an investment in Vantage Corporation.  Askew does not hold a securities license nor is he a registered investment advisor.

13.     Askew, acting on behalf of Vantage Corporation, utilized interstate commerce in the sale of the securities.  Specifically, Askew's solicitations and fraudulent statements were communicated to Plaintiff in Georgia during meetings at Atlanta restaurants and at Defendants' offices as well as through mail, email, text messages, and telephonic communications.

14.     Plaintiff invested a total of $1,000,000 in Vantage Corporation.  On or about February 23, 2016, Plaintiff purchased 476.962702 Class A shares in Vantage Corporation for $1,000,000.

15.     Plaintiff made this investment and purchased Vantage Corporation stock as a result of direct misrepresentations and omissions made to him by Askew.  As a result, Askew offered for sale and sold to Plaintiff Vantage Corporation stock within the State of Georgia and in violation of the Georgia Uniform Securities Act of 2008, O.C.G.A. § 10-5-1 et. seq. ("the Georgia Securities Act"), as well as the Securities Act of 1933 ("the 1933 Act").

16.     Upon information and belief, Askew received direct or indirect compensation for his role in soliciting investment in Vantage Corporation.

17.     Upon information and belief, when Askew offered for sale and sold the Vantage Corporation stock to Plaintiff, Askew was acting on behalf of Vantage Corporation and its subsidiaries, Vantage Advisory Management, LLC, VF(x) LP, and Tradelogix, LLC (collectively, "Vantage Corporation's Subsidiaries"), was acting within the scope of his positions at Vantage

Corporation and Vantage Corporation's Subsidiaries, was acting as an agent and representative of Vantage Corporation and Vantage Corporation's Subsidiaries, and was authorized to act on behalf of Vantage Corporation and Vantage Corporation's Subsidiaries.

18.     Upon information and belief, at the time that Askew offered for sale and sold Plaintiff the Vantage Corporation stock, Gerald Finegold was a director of Vantage Corporation, and/or officer of Vantage Corporation, and/or a control person of Vantage Corporation and/or Askew under Section 15 of the 1933 Act, 15 U.S.C. § 77o and the Georgia Securities Act, O.C.G.A. § 10-5-58 (d)–(g).

19.     The stock in Vantage Corporation sold to Plaintiff is a "security" as that term is defined the 1933 Act, 15 U.S.C. § 77b and the Georgia Securities Act, O.C.G.A. § 10-5-2.

20.     At the time the stock was offered for sale and sold to Plaintiff, the stock was not subject to an effective registration statement pursuant to the Georgia Securities Act, O.C.G.A. § 10-5-1 *et seq.*, or exempt from registration pursuant to O.C.G.A. §§ 10-5-10 or 10-5-12.  At the time the stock was offered for sale and sold to Plaintiff, the stock was not subject to an effective registration statement pursuant to Section 5 of the 1933 Act, 15 U.S.C. § 77e, or exempt from registration.

21.     At the time the stock was offered for sale and sold to Plaintiff, Askew was not registered as a securities salesperson or an investment advisor with the Georgia Commissioner of Securities as required by § 10-5-1 *et seq.*  Based upon information from the public records of Broker Check maintained by the Financial Industry Regulatory Authority ("FINRA"), Askew and Finegold were experienced in the investment advisory and securities business and until 2003 had been previously registered as principals and 50-50 co-owners of a Georgia based broker-dealer registered with the U.S. Securities & Exchange Commission ("SEC") and FINRA known as

Quantum Trading.  Askew and Feingold claim to have been in the securities business and worked together as registered brokers and securities salesmen at now defunct Bear Stearns prior to 2002. Askew claimed to have been, since 2002, exclusively focused on designing, developing and actively trading proprietary fully automated arbitrage and algorithmic systems to exploit the benefit and advantages of advanced technology.

22.     Before Plaintiff purchased Vantage Corporation stock, Askew assured Plaintiff that 70% of his investment was to be placed in a segregated account for the benefit of each investor. Askew and other Vantage agents repeated and affirmed these same representations after Plaintiff's purchases of Vantage stock.

23.     In reliance on these representations and other oral and written representations made by Askew regarding their past investment performance and investor returns made directly to him, Plaintiff purchased Vantage Corporation stock.

24.     Askew knowingly made these false representations to induce Plaintiff's investment, and to convince him not to sell his investment.  Askew knew or should have known that Vantage Corporation had no intention of creating an investment account for Plaintiff.

25.     Vantage Corporation in fact failed to place Plaintiff's investment into segregated accounts for his benefit.

26.     Askew represented to Plaintiff that Vantage Corporation was raising funds for a general partnership structure, which would allow investors to participate in ownership of the company, its intellectual property, and revenue streams going forward.  Askew and other Vantage Corporation agents repeated and affirmed these same representations after Plaintiff's purchase of Vantage Corporation stock.

27.     Before Plaintiff purchased Vantage Corporation stock, Askew represented to Plaintiff that through his investment, he would become a general partner of a Vantage Corporation related entity.  Askew and other Vantage Corporation agents repeated and affirmed these same representations after Plaintiff's purchase of Vantage Corporation stock.

28.     In reliance on these representations, Plaintiff purchased and held Vantage Corporation stock and reasonably believed he would also become a general partner in a Vantage Corporation related entity.

29.     Askew knowingly made this false representation to induce Plaintiff's investment and to convince Plaintiff not to sell his investment.

30.     Plaintiff never became a general partner of any Vantage Corporation related entity; instead, Plaintiff, along with other similarly situated shareholders, are minority shareholders in Vantage Corporation.

31.     Before Plaintiff purchased Vantage Corporation stock, Askew represented to Plaintiff that Vantage Corporation's systems and strategies had reached a level of maturity and stability to invest significantly large amounts of trading capital.  In order to seek to justify a lofty valuation for an investment by Plaintiff in Vantage Corporation and induce Plaintiff's purchase of a mere 2% interest for his $1 million investment, Askew represented to Plaintiff that Vantage Corporation held 100% ownership of all the proprietary software and systems and intellectual property needed for its business model.  Askew and other Vantage Corporation agents repeated and affirmed these same representations after Plaintiff's purchases of Vantage Corporation stock.

32.     In reliance on these representations, Plaintiff purchased and held Vantage Corporation stock and reasonably believed his investment would be used primarily as capital for trading with profits derived from Defendants' investment management and expertise, and Plaintiff

reasonably believed he was investing in an existing and very profitable strategy and company with a history of superior performance.

33.     Askew knowingly made this false representation to induce Plaintiff's investment and to convince him not to sell his investment.  Askew knew that Vantage Corporation did not own the purported proprietary software and system or intellectual property needed for the business model presented to Plaintiff.

34.     Instead, TradeVue, LLC owned the purported proprietary software and system or intellectual property needed for the business model presented to Plaintiff.  Askew is the sole and managing member of TradeVue, LLC.

35.     In 2016 after Plaintiff made his investment, and unknown to Plaintiff, Vantage Corporation paid TradeVue, LLC $2,447,853 for purported software and intellectual property. Upon information and belief, Askew received all or a significant portion of these funds.

36.     Since making his investment, Plaintiff has made multiple inquiries to understand the sources and uses of his investment and the activities of Vantage Corporation.

37.     Vantage Corporation and Askew have refused to supply Plaintiff information regarding the use of his investment.

38.     Plaintiff hereby tenders back his Vantage Corporation stock to Defendants.

## COUNT ONE

**Violation of Section 12 of The 1933 Act, 15 U.S.C. § 77l, For The Sale of Unregistered and Non-Exempt Securities**

39.     Plaintiff incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40.     Askew and Vantage Corporation violated section 12(a)(1) of the 1933 Act, as amended, 15 U.S.C. § 77l(a)(1), and are liable to Plaintiff because Askew offered and sold stock of Vantage Corporation to Plaintiff when that stock was neither subject to an effective registration statement pursuant to Section 5 of the 1933 Act, as amended, 15 U.S.C. § 77e, nor exempt from registration.

41.     Specifically, on or about February 23, 2016, Plaintiff purchased 476.962702 Class A shares in Vantage Corporation for $1,000,000.

42.     Vantage Corporation is liable to Plaintiff because it was the issuer of the shares and for the acts of Askew because it participated in these acts, because of the doctrine of respondeat superior, or because it was a control person with respect to Askew.

43.     Finegold is liable to Plaintiff for the acts of Askew because he participated in these acts, because of the doctrine of respondeat superior, or because he was a control person with respect to Askew.

44.     Vantage Corporation, Askew, and Finegold, therefore, are jointly and severally liable to Plaintiff under 15. U.S.C. § 77l for rescission of the sale of the Vantage Corporation stock and return of any consideration paid by him and interest from the date of payment down to the date of repayment, less the amount of any income received, together with attorneys' fees and expenses of litigation.

## COUNT TWO

**Violation of O.C.G.A. § 10-5-20 For the Sale of Unregistered and Non-Exempt Securities Against All Defendants.**

45.　　Plaintiff incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46.　　Askew and Vantage Corporation violated O.C.G.A. § 10-5-20 and are liable to Plaintiff because Askew offered and sold the stock of Vantage Corporation to Plaintiff at a time when that stock was not a federal covered security, was not subject to an effective registration statement pursuant to O.C.G.A. § 10-5-1 *et seq.*, and was not exempted from registration under O.C.G.A §§ 10-5-10 through 10-5-12.

47.　　Plaintiff has and hereby tenders the securities back to Defendants.

48.　　Vantage Corporation is liable to Plaintiff because it was the issuer of the shares and for the acts of Askew because it participated in these acts, because of the doctrine of respondeat superior, or because it was a control person with respect to Askew.

49.　　Vantage Corporation's Subsidiaries and Finegold are liable to Plaintiff for the acts of Askew because they participated in these acts, because of the doctrine of respondeat superior and/or because each was a control person with respect to Askew.

## COUNT THREE

**Violation of O.C.G.A. § 10-5-31**

50.　　Plaintiff incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

51.　　At the time the Vantage Corporation stock was offered for sale and sold to Plaintiff, Askew was not registered as a securities salesperson or an investment advisor with the Georgia Commissioner of Securities as required by § 10-5-1 *et. seq.*

52.     Upon information and belief, Askew received direct or indirect compensation for his role in soliciting investment in Vantage Corporation.

53.     Vantage Corporation is liable to Plaintiff because it was the issuer of the shares and for the acts of Askew because it participated in these acts, because of the doctrine of respondeat superior and or because it was a control person with respect to Askew.

54.     Vantage Corporation's Subsidiaries and Finegold are liable to Plaintiff for the acts of Askew because they participated in these acts, because of the doctrine of respondeat superior and/or because each was a control person with respect to Askew.

55.     By reason of the foregoing, Defendants have violated O.C.G.A. § 10-5-31, and are liable to Plaintiff for damages that he suffered.

## COUNT FOUR

**Violation By All Defendants of Section 12 of The 1933 Act, 15 U.S.C. § 77l(a)(2), Because of Misrepresentations in Connection with Issuance of a Security**

56.     Plaintiff incorporates by reference paragraphs 1 through 55 though fully set forth herein.

57.     Askew violated section 12(a)(2) of the 1933 Act, as amended, 15 U.S.C. § 77l(a)(2), and is liable to Plaintiff because in offering to sell and selling securities to Plaintiff, Askew made misleading statements of material fact or omissions in a prospectus or oral communications.

58.     Askew misrepresented (1) the status and resources of Vantage Corporation, assuring Plaintiff that Vantage Corporation had ownership of software, systems, and intellectual property needed for the trading activity of the proposed business model; (2) the intended use of the investment, assuring Plaintiff that 70% of his investment in Vantage Corporation was to be

segregated in an account for the benefit of each investor; and (3) that Plaintiff would have a general partnership interest in Vantage Corporation or a subsidiary.

59.     Plaintiff did not know, and in the exercise of reasonable care could not have known, Askew's misrepresentations or omissions.

60.     Vantage Corporation is liable to Plaintiff for the acts of Askew because it participated in these acts, because of the doctrine of respondeat superior and or because it was a control person with respect to Askew.

61.     Vantage Corporation's Subsidiaries and Finegold are liable to Plaintiff for the acts of Askew because they participated in these acts, because of the doctrine of respondeat superior, or because each was a control person with respect to Askew.

62.     Defendants, therefore, are jointly and severally liable to Plaintiff under 15 U.S.C. § 77l for rescission of Plaintiff's purchase of the Vantage Corporation stock and return of any consideration paid by him and interest from the date of payment down to the date of repayment, less the amount of any income received, together with attorneys' fees and expenses of litigation.

## COUNT FIVE

### Breach of Fiduciary Duty

63.     Plaintiff incorporates by reference paragraphs 1 through 62 as though fully set forth herein.

64.     Askew owed a fiduciary duty to Plaintiff as purchasers of the securities.

65.     The officers and directors of Vantage Corporation owe a fiduciary duty to the company's stockholders, including Plaintiff.

66.     Askew violated his fiduciary duty to Plaintiff based upon the acts and omissions, set forth in paragraphs 10 through 37.

67.     Vantage Corporation breached its fiduciary duty to Plaintiff based upon the acts and omissions, set forth in paragraphs 10 through 37.

68.     Vantage Corporation's Subsidiaries and Finegold are liable to Plaintiff for Vantage Corporation's breach of its fiduciaries to Plaintiff because they aided and abetted and participated in these acts, and/or because of the doctrine of respondeat superior.

## COUNT SIX

### Negligence

69.     Plaintiff incorporates by reference paragraphs 1 through 68 as though fully set forth herein.

70.     Askew owed a duty of care to Plaintiff as a purchaser of the securities.

71.     Vantage Corporation owed a duty of care to its stockholders, including Plaintiff.

72.     Vantage Corporation violated its duty of care to Plaintiff based upon the acts and omissions, set forth in paragraphs 10 through 37.

73.     Plaintiff suffered damages as a result.

74.     Vantage Corporation is liable to Plaintiff for the acts of Askew because it participated in these acts and or because of the doctrine of respondeat superior.

75.     Vantage Corporation's Subsidiaries and Finegold are liable for Vantage Corporation's negligence because they participated in these acts and or because of the doctrine of respondeat superior.

## COUNT SEVEN

### Accounting

76.     Plaintiff incorporates by reference paragraphs 1 through 75 as though fully set forth herein.

77.     Vantage Corporation owes fiduciary duties to its shareholders.

78.     Vantage Corporation is required to provide access to its books and records upon demand of its shareholders.   Vantage Corporation is also required to provide access to its subsidiaries' books and records upon demand of its shareholders.

79.     Despite Plaintiff's requests, Vantage Corporation has refused to provide Plaintiff access to the company's books and records, including information on where and how Plaintiff's investment has been utilized, the sources and uses of his investment and information with  respect to Vantage Corporation's ongoing activities and contractual commitments .

80.     The sole means of ascertaining such information and documentation are within the control of Vantage Corporation.

81.     An accounting is required to determine the amount of money owed to Plaintiff.

## COUNT EIGHT

### Violation of §10b-5 of the Securities and Exchange Act of 1934 and Rule 10b-5 (Securities Fraud) Against All Defendants

82.     Plaintiff incorporates by reference paragraphs 1 through 81 as though fully set forth herein.

83.     Askew deceived Plaintiff by making untrue statements of material facts and/or omitting to state material facts necessary to make the statements not misleading, and/or substantially participated in the creation of the alleged misrepresentations, which operated as a

fraud and deceit upon Plaintiff in violation of Section 10(b) of the Securities and Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

84.     Askew directly and indirectly, by the use of means and instrumentalities of interstate commerce and/or the mails, made, or substantially participated in the creation of, untrue statements of material facts and/or omitted to state material facts necessary in order to make the statements made about the sale and/or purchase of securities, in light of the circumstances under which they were made, not misleading, as set forth herein.

85.     As set forth above, Askew falsely represented (1) the status and resources of Vantage Corporation, assuring Plaintiff that Vantage Corporation had ownership of software, systems, and intellectual property needed for the trading activity of the proposed business model; (2) the intended use of the investment, assuring Plaintiff that 70% of each investment in Vantage Corporation was to be invested in an investment account for the benefit of each individual; (3) Plaintiff's acquired role in Vantage Corporation, assuring Plaintiff that he would have a general partnership interest.

86.     Askew acted with intent to deceive and defraud.

87.     Askew had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with severe reckless disregard for the truth, in that he failed to ascertain and to disclose such facts.

88.     As a result of Askew's material misrepresentations and omissions, and in reasonable reliance on the false and misleading statements by Askew, Plaintiff purchased securities issued by Vantage Corporation.

89.     Plaintiff has suffered economic loss as a result of Askew's fraudulent actions.

90.     Vantage Corporation is liable to Plaintiff for the acts of Askew because it participated in these acts, because of the doctrine of respondeat superior and or because it was a control person with respect to Askew.

91.     Vantage Corporation's Subsidiaries and Finegold are liable to Plaintiff for the acts of Askew because they participated in these acts, because of the doctrine of respondeat superior or because each was a control person with respect to Askew.

## COUNT NINE

**Violation of O.C.G.A. § 10-5-50 *et. seq*. (Securities Fraud) Against All Defendants**

92.     Plaintiff incorporates by reference paragraphs 1 through 91 as though fully set forth herein.

93.     Askew deceived Plaintiff by making untrue statements of material facts and/or omitting to state material facts necessary to make the statements not misleading, and/or substantially participated in the creation of the alleged misrepresentations, which operated as a fraud and deceit upon Plaintiff in violation of O.C.G.A. § 10-5-50 *et. seq.* promulgated thereunder.

94.     Askew directly and indirectly, by the use of means and instrumentalities of interstate commerce and/or the mails, made, or substantially participated in the creation of, untrue statements of material facts and/or omitted to state material facts necessary in order to make the statements made about the sale and/or purchase of securities, in light of the circumstances under which they were made, not misleading, as set forth herein.

95.     As set forth above, Askew falsely represented (1) the status and resources of Vantage Corporation, assuring Plaintiff that Vantage Corporation had ownership of software, systems, and intellectual property needed for the trading activity of the proposed business model; (2) the intended use of the investment, assuring Plaintiff that 70% of each investment in Vantage

Corporation was to be invested in an investment account for the benefit of each individual; (3) Plaintiff's acquired role in Vantage Corporation, assuring Plaintiff that he would have a general partnership interest.

96.    Askew acted with intent to deceive and defraud.

97.    Askew had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with severe reckless disregard for the truth, in that he failed to ascertain and to disclose such facts.

98.    As a result of Askew's material misrepresentations and omissions, and in reasonable reliance on the false and misleading statements by Askew, Plaintiff purchased and held securities issued by Vantage Corporation.

99.    Plaintiff suffered economic loss as a result of Askew's fraudulent actions.

100.    Vantage Corporation is liable to Plaintiff for the acts of Askew because it participated in these acts, because of the doctrine of respondeat superior and/or because it was a control person with respect to Askew.

101.    Vantage Corporation's Subsidiaries and Gerald Finegold are liable to Plaintiff for the acts of Askew because they participated in these acts, because of the doctrine of respondeat superior and/or because each was a control person with respect to Askew.

## COUNT TEN

### Common Law Fraud

102.    Plaintiff incorporates by reference paragraphs 1 through 101 as though fully set forth herein.

103.    Askew made false representations to Plaintiff and/or Askew deliberately concealed material facts of which he had a duty to disclose.

104.    As set forth above, Askew falsely represented (1) the status and resources of Vantage Corporation, assuring Plaintiff that Vantage Corporation had ownership of software, systems, and intellectual property needed for the trading activity of the proposed business model; (2) the intended use of the investment, assuring Plaintiff that 70% of his investment in Vantage Corporation was to be invested in an investment account for the benefit of each individual; (3) Plaintiff's acquired role in Vantage Corporation, assuring Plaintiff that he would have a general partnership interest.

105.    Askew knew his statements were false and he intended for Plaintiff to rely upon his statements and omissions.

106.    Plaintiff acted in justifiable reliance on Askew's representations in purchasing shares in Vantage Corporation and later deciding to hold said shares.

107.    Plaintiff suffered damages as a result of his reliance on Askew's representations.

108.    Vantage Corporation is liable to Plaintiff for the acts of Askew because it participated in these acts and/or because of the doctrine of respondeat superior.

109.    Vantage Corporation's Subsidiaries and Finegold are liable to Plaintiff for the acts of Askew because they participated in these acts and/or because of the doctrine of respondeat superior.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure Rule 38(b), Plaintiff hereby demands a trial by jury of all issues in his Complaint so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally:

(a)    Rescission of Plaintiff's purchase of Vantage Corporation stock and return of any consideration paid by Plaintiff;

(b)    Interest from the date of payment down to the date of repayment, less the amount of any income received;

(c)    Taxable court costs and all other costs and expenses incurred by them in bringing this action;

(d)    Reasonable attorneys' fees;

(e)    Other compensatory damages;

(f)    Punitive damages; and

(g)    Such other and further relief as this Court deems just and equitable.


*OF COUNSEL*:

MOSS & GILMORE LLP
Raymond L. Moss
(*pro hac vice forthcoming*)
Michael P. Gilmore
(*pro hac vice forthcoming*)
3630 Peachtree Road Atlanta, GA 30326
Phone: (678) 381-8601
rlmoss@mossgilmorelaw.com
mpgilmore@mossgilmorelaw.com


Dated:  February 20, 2018

ASHBY & GEDDES

*/s/ Catherine A. Gaul*

Catherine A. Gaul (#4310)
Aaron P. Sayers (#6373)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
cgaul@ashbygeddes.com
asayers@ashbygeddes.com

*Attorneys for Plaintiff Douglas A. Duncan*